IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABDUS SHAHID** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF EDDYSTONE** | : | **NO. 11-2501** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                             **October 3, 2011**

      In this *pro se* civil rights action under 42 U.S.C. § 1983, plaintiff Abdus Shahid asserts that the Borough of Eddystone violated his civil rights by discriminating against him on account of his race and national origin. Specifically, he alleges Eddystone officials engaged in various actions to prevent him from renting out an apartment he owns in the borough because they did not want a person of Bangladeshi origin to own property in a "white" area. Although Shahid did not specify in his complaint which of his constitutional rights were violated, it is clear from his pleadings that he accuses Eddystone of violating his Fourteenth Amendment right to equal protection.

      The defendant has moved to dismiss the complaint. It argues that: 1) Shahid's claim is barred by Pennsylvania's two-year statute of limitations; and 2) Shahid has failed to plead the elements of municipal liability under § 1983.

      When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009)(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d

Cir. 2008)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal quotations omitted)).  Although this standard "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 555 (internal quotations omitted)).

A complaint may be dismissed where the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  Pleading "facts that are merely consistent with a defendant's liability" is insufficient. *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotations omitted)).  The plaintiff's *pro se* pleadings must be considered deferentially, affording him the benefit of the doubt where one exists.  *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2009)(citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).  With these standards in mind, we shall accept as true the facts as they appear in Shahid's complaint and draw all possible inferences from these facts in his favor.

### Statute of Limitations

State personal injury tort law provides the appropriate statute of limitations for claims brought under § 1983.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In

Pennsylvania, a personal injury claim must be filed within two years. 42 Pa. Cons. Stat. § 5524(2) (2004). Thus, the statute of limitations for § 1983 claims in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Because "[a] statute of limitations defense is an affirmative one," Eddystone must show that it is clear from the face of the complaint that Shahid's action is time-barred to justify dismissal at this stage. *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400, n. 14 (3d Cir. 2006). The complaint is vague concerning the duration of Eddystone's alleged actions against Shahid. It alleges a series of specific actions taken against him from September to November 2008. However, concerning the events after November, the complaint only alleges that Eddystone inspectors arrived at his property repeatedly and, in his presence, discouraged potential lessees from renting the property because Eddystone did not want a landlord of Bangladeshi origin to own property in the area. The complaint does not specify when or how frequently Eddystone inspectors did so. The complaint also contains a general statement that Shahid suffered harm because of the Eddystone's actions from September 7, 2008 to April 8, 2011. Because the complaint does not explicitly allege any acts that occurred after November 29, 2008, Eddystone argues that the statute of limitations began to run on that date and expired on November 29, 2010. The plaintiff filed his complaint on April 11, 2011.

Although the complaint is not definite on this point, the plaintiff's pleadings, when viewed in the light most favorable to him, allege that Eddystone engaged in a continuous course of action between approximately September 7, 2008 and April 8, 2011. "The continuing violations doctrine is an equitable exception to the timely filing requirement."  *Soppick v. Borough of W. Conshohocken*, 118 F. App'x 631, 635 (3d

Cir. 2004)(quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)(internal quotations omitted)). To plead that the alleged actions against Shahid occurred within the statute of limitations period as part of a continuing violation, the complaint must allege that: 1) at least one act occurred within the statutory period; and 2) the prior conduct was not isolated or sporadic, but was part of a continuing, ongoing pattern. *Soppick*, 118 F. App'x at 635 (quoting *West v. Phila. Elec. Co.*, 45 F.3d 744, 754-55 (3d Cir. 1995)). The complaint alleges that some part of the Eddystone's course of conduct occurred regularly until April 8, 2011–three days before he filed his complaint. The complaint alleges further that all of Eddystone's actions against the plaintiff were part of the Borough's continuous efforts to prevent Shahid from renting his apartment because of his race. Thus, on the face of the complaint, the action is not barred by the statute of limitations.

**Municipal Liability**

A plaintiff may hold a municipality liable under § 1983 where the plaintiff's injury is attributable to either an official municipal policy or established custom. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)(citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A "policy" is an explicit decision of the municipality's "duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id*. at 403-04 (citing *Monell*, 436 U.S. at 694). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127

(1988)(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)(internal quotations omitted)); *see also Brown*, 520 U.S. at 404.  Viewing the complaint in the light most favorable to the plaintiff, we conclude that Shahid is pleading municipal liability under the "custom" theory.  He alleges that various Eddystone officials informed him repeatedly that the Borough did not want a landlord of Bangladeshi origin to own property in what they considered to be a white area.  Although this statement is short on details, it pleads sufficiently that Shahid was harmed by an informal but pervasive Borough policy of discouraging non-white people from living in or owning rental property in a white area.

      Because Eddystone has failed to show that Shahid is not entitled to relief as a matter of law, we shall deny Eddystone's motion to dismiss.